

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

Edward Murphy                    DOCKET NO. 1:05 cv 2175

                                 SECTION P

VS.                              JUDGE D. DRELL

TIM WILKINSON, ET AL.            MAGISTRATE JUDGE KIRK

## Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff,**Edward Murphy,** ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on December 12, 2005. [Rec. Doc. 15]. Plaintiff names as defendants: Tim Wilkinson, (Warden);Timothy Keith (Deputy Warden);Virgil Lucas (Chief of Security); S. Taylor (Shift supervisor); Carl Coleman (disciplinary board chairman); S. Joseph ( Correctional Officer); Nicole Scott (program manager); B. Franks (cypress unit case manager); P. Brown (correctional officer).

## Statement of the Case

Plaintiff asserts he was "using the toilet, and with a chair as usual, placed before him concealing his private parts from the vision of other inmates and correctional officers was forced to remove the chair." [Doc. 20-1. Pg 5] Plaintiff states he was embarrassed and "was forced to expose himself where female

officers continued to make sexually and explitives towards him concerning his masculinity" [Doc. 20-1. Pg 5] Thus, Plaintiff filed an A.R.P grievance claiming he was sexually harassed and his Eighth amendment rights were violated. Subsequent to this incident, Plaintiff claims he was discriminated and retaliated against, and false reports were filed by the defendants in response to him filing an administrative grievance. [Doc. 2 pg. 13]

## Frivolity Review

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal

pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. <u>Horton v. Cockrell</u>, 70 F.3d 397,400 (5th Cir. 1996).

## Verbal Abuse and Eight Amendment

A claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a defendant acting under color of state law. *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989).

The first step in a § 1983 analysis is to identify the specific constitutional right involved. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Plaintiff has not explicitly alleged the violation of a particular constitutional right. However, to the extent that his complaint implicates rights guaranteed under the Eighth Amendment's prohibition against cruel and unusual punishment, he has failed to state a claim for which relief may be granted.

Plaintiff claims that the words and actions of the defendant have caused him to live "constantly in fear of retaliation from the security staff and ranked officials who have done the past filed false reports.[Doc. 2 pg. 12] He seeks monetary damages to compensate him for this injury. He alleges that he was the victim of sexual harassment because the defendant observed his private parts while using the toilet, and thereafter, he was verbally abused.

To establish an Eighth Amendment claim, plaintiff must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999).

Claims of verbal abuse are not actionable under § 1983, see *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997), (verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation, citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993); see also *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights); *McDowell v. Jones*, 990 F.2d 433 (8th Cir.1993) (verbal threats and name calling usually are not actionable under § 1983); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (*per curiam*) (name calling does not allege a constitutional claim). Therefore, to the extent that plaintiff claims a violation of his Eighth Amendment rights occurred when the defendant verbally threatened him, those allegations fail to state a claim for which relief may be granted.

Furthermore, 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff only alleges he has been "threatened with frivolous and false rule violation reports" and he does not allege that the actions of the defendant resulted in any physical injury. Plaintiff's claim thus does not overcome § 1997e(e)'s prohibition.

Therefore, plaintiff's complaint, to the extent that it

arises under the Eighth Amendment, lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

## III. Fourth Amendment (Right to Privacy)

In addition to his Eighth Amendment claim, plaintiff may claim that the actions of the defendant violated his right to privacy protected by the Fourth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). While plaintiff, as a prisoner, enjoys a limited right to privacy, minimal invasions of that right are justified by the state's interest in promoting security. *Oliver v. Scott*, 276 F.3d 736, 743 (5th Cir. 2002). In *Hudson v. Palmer*, 468 U.S. 517, 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Court noted, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." In other words, prisoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration. *Oliver v. Scott*, 276 F.3d at 744.

Cross-gender surveillance, that is, surveillance by prisoners of one sex by guards of the other, has repeatedly survived constitutional challenges in the context of civil rights litigation. (See for example, *Barnett v. Collins*, 940 F.2d 1530 (5th Cir. 1991)(unpublished), wherein the court upheld the use of female guards having full view of male inmates taking showers; *Timm v. Gunter*, 917 F.2d 1093, 1101-1102 (8th Cir. 1990), wherein

the court explained that constant visual surveillance by guards of both sexes is a reasonable and necessary measure to promote inmate security; see *Oliver v. Scott*, 276 F.3d at 746, footnote 18 for a complete list.)  Cross-gender surveillance or searches have been determined to be a violation of the right to privacy only under very limited and special circumstances. See *Oliver v. Scott*, 276 F.3d at 756,

footnote 13.

In no instances has same-gender surveillance, as is the case herein,  been determined to be violative of an inmate's limited right to privacy.

Therefore, to the extent that plaintiff advances a cause of action based upon the violation of his limited right to privacy, such a claim is frivolous and fails to state a claim upon which relief may be granted.

## Retaliation

A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). To state a **retaliation** claim, an inmate must invoke a specific constitutional right, the defendant's intent to retaliate against the inmate for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.* "but for the retaliatory motive the complained of incident ... would not have

occurred." *Id. at 1166.* To survive dismissal of a **retaliation** claim, the inmate must either offer direct evidence of motivation or allege a chronology of events from which **retaliation** may plausibly be inferred. *Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999).* A "sequence of events, by itself, does not amount to a reasonable inference of retaliatory intent." *Enlow v. Tishomingo County, Miss., 45 F.3d 885, 889 (5th Cir.1995).* Plaintiff claims because he filed grievances and lawsuits against the defendants who retaliated by fabricating charges against him, *i.e.*, making false reports against him and omitting important facts. (Doc.2 pg. 9) Plaintiff's records, however, reflect a disciplinary conviction for defiance and disobedience. Plaintiff does not allege that this conviction has been overturned or expunged from his record; therefore, he cannot collaterally attack this disciplinary case in the pending case. **Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).**

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of_ _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE